STEPHEN QUESENBERRY (8073)
HILL, JOHNSON & SCHMUTZ, L.C.
RiverView Plaza
4844 North 300 West, Suite 300
Provo, Utah 84604
Telephone: (801) 375-6600
Facsimile: (801) 375-3865
squesenberry@hjsklaw.com

CHRISTOPHER K. LEIGH (FL 807941)
BARTHE & LEIGH LLP
Wells Fargo Tower
One East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone: (954) 523-5555
Facsimile: (954) 523-5552
ckl@mac.com

*Attorneys for The Matrix Group, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE MATRIX GROUP, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>INNERLIGHT HOLDINGS, INC.,<br>and<br>INNERLIGHT WORLDWIDE, INC.,<br><br>                Defendants. | PLAINTIFF'S MEMORANDUM IN<br>SUPPORT OF MOTION FOR LEAVE<br>TO FILE AMENDED COMPLAINT<br><br>   Civil No. 2:11-cv-00987<br>   District Judge Clark Waddoups<br>   Magistrate Judge Brooke C. Wells |

Plaintiff, The Matrix Group, LLC, by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 15(a)(2) and 21 and DuCivR 7-1(b)(1), hereby files its memorandum in support of its motion for leave to file an Amended Complaint.

Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The Rule specifies that the "court should

freely give leave when justice so requires." However, the Court may refuse to grant leave to amend where it finds evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.[1] Because plaintiff herein is seeking leave to file an Amended Complaint in the early stages of this action, more than seven months prior to the August 31, 2012 deadline to do so, all the Rule 15(a) factors are treated together below, save for the futility factor, which is treated separately. Where, as here, a proposed amendment seeks as well to add a new party, the propriety of amendment is governed by Fed.R.Civ.P. 21.[2] That rule states that a party may be added to an action "at any time, on just terms." In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15.[3]

    A. <u>Plaintiff's request to file the proposed Amended Complaint has not been unduly delayed; there is no evidence of undue delay, bad faith or dilatory motive on the part of the plaintiff; and no prejudice would befall defendants by virtue of allowance of the amendment</u>

The Complaint in this action was filed on October 24, 2011[4]. Defendants filed their Answer and Affirmative Defenses on December 13, 2011[5], an Amended Answer on December 15, 2011[6], and a Second Amended Answer on January 11, 2012.[7] The Second Amended Answer is the subject of defendants' motion for leave to amend answer filed January 19, 2012.[8] The

---

[1] <u>Bylin v. Billings</u>, 568 F.3d 1224, 1229 (10th Cir.2009).
[2] <u>Momentum Luggage & Leisure Bags v. Jansport, Inc.</u>, No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001) (unpublished).
[3] <u>De Malherbe v. International Union of Elevator Constructors</u>, 438 F.Supp. 1121, 1128 (N.D.Cal.1977).
[4] Docket No. 2.
[5] Docket No. 17.
[6] Docket No. 19.
[7] Docket No. 23.
[8] Docket No. 25.

Scheduling Order was entered on February 13, 2012[9] following the scheduling conference held on February 8, 2012. The court-ordered deadline to amend pleadings is August 31, 2012. This motion is plaintiff's first request to amend its pleadings[10]. Plaintiff's request to file the proposed Amended Complaint has not been unduly delayed; nor has plaintiff exhibited bad faith or a dilatory motive in seeking to file the Amended Complaint. Also, defendants will not be prejudiced by virtue of the allowance of the amendment as this action is in its early stages.

B. <u>Plaintiff's proposed amendments are not futile</u>

1. <u>Innerlight, the judgment debtor and alleged fraudulent transferor, is properly added as a party defendant</u>

The proposed Amended Complaint adds Innerlight, Inc. ("Innerlight") as a party defendant because plaintiff seeks relief directly against Innerlight in the Amended Complaint. Innerlight is added to the first through third claims for relief under the Uniform Fraudulent Transfer Act ("UFTA"), and is added in a new eighth claim for relief for an action, under Utah common law, on the Florida judgment which Matrix obtained against Innerlight in Florida.

Based upon the manner in which defendants answered the original Complaint, it is clear that Innerlight did not transfer *all* of its assets, and, indeed, for such not-yet-transferred assets, existing defendants have indicated that such assets *will be* transferred, notwithstanding the pendency of this lawsuit. *See, e.g.*, Def. Second Am. Answer at ¶89 (admitting that "only some" of Innerlight's assets were transferred to defendants); ¶¶60, 61 (stating that trademarks federally registered to Innerlight have not been transferred to defendant Innerlight Holdings due to an "oversight" which will be "rectified").

---

[9] Docket No. 32.
[10] There has not been, therefore, a repeated failure to cure deficiencies by amendments previously allowed.

Adding the debtor/transferor Innerlight to this lawsuit will have the salutary effect of enabling the Court to afford plaintiff, should it prevail, UFTA statutory remedies against Innerlight itself. Under UFTA section 25-6-8, entitled "Remedies of creditors", in an action for relief against a transfer under the UFTA, a creditor, subject to the limitations in Section 25-6-9 (dealing with good faith transfers), may obtain, among other relief, an injunction against further disposition by the transferor (here Innerlight) of the assets transferred or other property.[11]

2. Plaintiff may bring an action on the Florida judgment against Innerlight

Plaintiff also seeks by way of its Amended Complaint, at the eighth claim for relief, to file an action on the Florida judgment against Innerlight.

> An action on a judgment is the 'customary way' to secure enforcement of an out of state judgment. Restatement (Second) of Judgments § 18 cmt. f (1982). The doctrine that a judgment creates its own cause of action is an entirely practical legal device, the purpose of which is to facilitate the goal of securing satisfaction of the original cause of action. See 47 Am.Jur.2d Judgments § 945. In combination with the doctrine of 'merger,' whereby a cause of action is said to merge with a judgment upon it such that only the judgment survives as a basis for further litigation, the doctrine also provides a bar against attempts to opportunistically relitigate the same cause of action. See Restatement (Second) of Judgments, § 18 cmt. b (1982).
> National Union Fire Ins. Co. of Pittsburgh v. Owenby, 42 Fed.Appx. 59, 63 (9th Cir. 2002) (unpublished).

"The main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing the satisfaction of the original cause of action.... [T]he amount sought is the outstanding liability on the original judgment."[12]. A party wishing to enforce a judgment from one court to another has three options:

---

[11] Utah Code Ann. § 25-6-8(1)(c)(i).
[12] Fidelity Nat. Financial Inc. v. Friedman, 402 Fed.Appx. 194, 196 (9th Cir. 2010) (citation omitted) (unpublished).

    (1) The judgment of a state court or federal court may be registered in the courts of the foreign state pursuant to the registering state's codification of the Uniform Enforcement of Foreign Judgments Act ("UEFJA")[13];

    (2) The judgment of a federal court may be registered in another federal court pursuant to 28 U.S.C. § 1963, and enforced according to the laws of the state in which the judgment is registered pursuant to Fed.R.Civ.P. 69[14]; or

    (3) File an action on the judgment in state or federal court, and, if in federal court, establish the subject matter of the court should, for example, diversity jurisdiction.[15]

Plaintiff's new eighth claim for relief is an action on the Florida judgment against new defendant Innerlight under Utah common law based upon diversity jurisdiction. Thus, plaintiff seeks to elect the third option described above. An action on a judgment is a well settled cause of action under Utah law[16] and the overwhelming majority of federal cases hold that actions on state court judgments may be brought in federal courts where diversity subject matter jurisdiction is established.[17]

---

[13] The Utah Foreign Judgment Act specifically preserves a creditor's right to bring an action on a judgment. *See* Utah Code Ann. § 78B-5-306.

[14] Pursuant to 28 U.S.C. § 1963, only a federal court judgment may be registered in the federal courts.

[15] *See* Caruso v. Perlow, 440 F.Supp.2d 117, 119 (D. Conn. 2006); *cf.* Richmond v. Wampanoag Tribal Court Cases, 31 F.Supp.2d 1159, 1176 (D.Utah 2006) ("…a party seeking to enforce a federal or state court judgment in a federal or state court in another state or federal district generally must commence a recognition proceeding *or* a civil action upon that judgment in a court of the jurisdiction where he seeks its enforcement.") (Emphasis supplied); McDonald v. H&S Homes, L.L.C., 2007 WL 496450 at *1 (M.D. Ga. 2007) (unpublished) ("A plaintiff wishing to enforce another state's judgment in Georgia has two options. He can either file a civil action in *any* court of law requesting that court to enforce the foreign judgment, or simply register that judgment in a *state* court pursuant to the Uniform Enforcement of Foreign Judgments Law.") (Emphasis original).

[16] *See, e.g.,* Potomac Leasing Co. v. Dasco Technology Corp., 10 P.3d 972, 973-4 (Utah 2000); Fullenwider Co. v. Patterson, 611 P.2d 387 (Utah 1980) (judgment creditor sued judgment debtors upon Colorado judgment); *Harris v. Briggs*, 621 P.2d 1244 (Utah 1980); Data Management Sys., Inc. v. EPD Corp., 709 P.2d 377, 379 (Utah 1985).

[17] *See, e.g.,* Milwaukee County, 296 U.S. at 268, 269 (approving action on Wisconsin state court judgment by Illinois federal court); Berke v. Northcutt, 798 F.2d 468 (6th Cir. 1986) (unpublished) (reversing dismissal of action on a judgment filed in federal court sitting in Tennessee seeking enforcement of Tennessee state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir.1986) (reversing dismissal of action on a judgment filed in federal court sitting in West Virginia seeking enforcement of New York state court default judgment); Hazen Research v. Omega Minerals, 497 F.2d 151, 153 (5th Cir. 1974) (affirming lower's court enforcement of default judgment obtained in Colorado state court; once jurisdiction has been established, "[t]he most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is

There are a distinct minority of outlier cases from the lower federal courts which hold that federal courts cannot entertain actions to enforce state court judgments even where diversity subject matter is otherwise established.[18] Such cases, plaintiff respectfully submits, reach the wrong conclusion because they conflate the full faith and credit statute, 28 U.S.C. § 1738 with the basis of subject matter jurisdiction (typically diversity jurisdiction) or view a creditor's action to "enforce" a state court judgment in federal court by invoking section 1738 as an attempted end run around 28 U.S.C. § 1963's prohibition on *registering* state court judgments in federal court. Notably, creditors/plaintiffs may share a large dose of responsibility for the result reached in those cases because it does not appear that once diversity jurisdiction was established in those cases that the cause of action brought (or at least made clear to the courts) was an action on a judgment under the state law of the forum federal court. Those cases speak of a creditor/plaintiff seeking to "enforce" a state court judgment directly under 28 U.S.C. § 1738 without any mention of the precise cause of action brought or, in one instance, the claim brought was described as "a petition to register a state court judgment order"[19] (which Matrix agrees cannot be done).

Matrix in the instant case has made clear that its new proposed claim for relief is an action on the Florida judgment against Innerlight under Utah common law. *See* Am. Complt. ¶304. Plaintiff is not seeking to have the Florida judgment registered in this Court under section

---

brought for that purpose."); Sumrall v. Moody, 620 F.2d 548, 550 (5th Cir. 1980), *reh'g denied*, 632 F.2d 1351, *cert. denied*, 450 U.S. 1026 (1982) (enforcing Alabama state court judgment); Gillespie v. McCourt, 889 F.Supp. 5 (D.Mass.1995) (enforcing Maryland state court judgment); Irvin L. Foundation, Inc. v. Demrell, 607 F.Supp 705, 711 (D. Maine 1985) (enforcing Massachusetts default judgment); First Denver Mortgage Investors v. Riggs, 564 F.Supp. 1513, 1514, 1517-1518 (D. Colo. 1983) (denying motion to dismiss action on a Colorado state court judgment in Colorado federal court where diversity jurisdiction and personal jurisdiction exists); Amin v. Suthikant, 1995 WL 781142 at *1 (W.D. Mo. 1995) (unpublished) (entering judgment on the pleadings in action on an Illinois judgment in federal court sitting in Missouri); Coombs v. Iorio, 2009 WL 918642 (E.D. Oklahoma March 31, 2009) (enforcing state court judgment).

[18] *See, e.g.*, Polo Realty Inc. v. Kruse, Inc., No. 1:10-CV-144-TLS, 2010 WL 3087417, at *3 (N.D.Ind. Aug.2, 2010) (collecting cases) (unpublished).

[19] W.S. Frey Co., Inc. v. Precipitation Assoc. of Am., Inc., 899 F.Supp. 1527, 1528 (W.D.Va.1995).

1963. Based upon the foregoing, plaintiff respectfully requests that the Court enter an Order granting plaintiff leave to file its proposed Amended Complaint, and for such other and further relief the Court deems proper.

          Respectfully submitted,

          **HILL, JOHNSON & SCHMUTZ, L.C.**
          **BARTHE & LEIGH LLP**

          */s/ Christopher K. Leigh*
          Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of February, 2012, I electronically filed plaintiff's memorandum in support of its motion for leave to file an Amended Complaint using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to receive electronically Notices of Electronic Filing.

*/s/* Christopher K. Leigh

SERVICE LIST

Stephen Quesenberry
Hill, Johnson & Schmutz, L.C.
RiverView Plaza
4844 North 300 West, Suite 300
Provo, Utah 84604
Telephone: (801) 375-6600
Email: squesenberry@hjslaw.com

Christopher K. Leigh
Barthe & Leigh LLP
Wachovia Tower
One East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301
Phone: (954) 523-5555
Fax:    (954) 523-5552
Email: ckl@mac.com

*Counsel for the plaintiff*

Leslie W. Slaugh
Richard L. Petersen
Richard A. Roberts
Howard, Lewis & Petersen, P.C.
120 East 300 North Street
Provo, UT 84603
Telephone: (801) 373-6345
Email: SlaughL@ProvoLawyers.com

Thomas F.J. MacAniff
Catherine Nguyen
Eastburn And Gray, P.C.
60 East Court Street
Doylestown, PA 18901
Telephone: (215) 345-7000
Email: Tmacniff@eastburngray.com

*Counsel for the defendants*