IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THE MATRIX GROUP, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**INNERLIGHT HOLDINGS, INC.,** a Delaware corporation, and **INNERLIGHT WORLDWIDE, INC.,** a Delaware corporation<br><br>**Defendants.** | **RULING & ORDER**<br><br>**Case No. 2:11-cv-00987**<br><br>**United States District Court Judge Robert Shelby**<br><br>**Magistrate Judge Dustin Pead** |

On October 24, 2011, Plaintiff The Matrix Group, LLC (Plaintiff) filed their complaint against Defendants Innerlight Holdings, Inc. and Innerlight Worldwide, Inc. (collectively Defendants) alleging causes of action for fraudulent transfer, alter ego liability, and successor liability. (Document Number 2). On August 28, 2012, the case was referred to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(A).

Pursuant to that referral, the following motions are currently pending: Defendants' Motion To Amend Answer (Document Number 25); Plaintiff's Motion To File Amended Complaint (Document Number 37); Defendants' Motion To Strike Portions of Proposed Amended Complaint (Document Number 41); Defendants' Motion To Stay Discovery or For Protective Order (Document Number 47); Defendant's Motion For Protective Order (Document 54); Plaintiff's Cross Motion For Protective Order (Document Number 57); Plaintiff's Motion To Compel Responses To Its First Document Request (Document Number 90); Plaintiff's Motion To Compel Responses To The First Interrogatory Of Plaintiff's Second Set Of Interrogatories To Defendants (Document Number 109); Plaintiff's Motion To Compel

Responses To Plaintiff's Amended Second Document Request To Defendants (Document Number 113); Defendants' Motion For Protective Order Precluding Depositions (Document Number 126); Plaintiff's Motion For Sanctions (Docket Number 129).

The court now rules as follows.

**1) Defendants' Motion To Amend Answer**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendants move to amend their Answer to include two new affirmative defenses: (1) Proposed Affirmative Defense II which states, "Defendants were not parties to the Florida action or judgment, which is the basis of this action, and had no opportunity to defend that action.  Under the due process and other guarantees of the Constitution of the United States and the Constitution of the State of Utah, the Florida judgment therefore cannot be enforced against defendants." and (2) Proposed Affirmative Defense VI which states, "The Florida judgment against Innerlight Inc. bars any claim against the Defendants on an action for alter ego and/or successor liability under the doctrine of res judicata."  (Document Number 25).

Defendants assert that amendment is in the interest of judicial economy because the proposed defenses are similar to the existing defenses and no prejudice will result therefrom. Plaintiff, on the other hand, opposes amendment, arguing that the new defenses are insufficient as a matter of law and therefore allowing amendment would be futile.  (Docket Number 30). Specifically, Plaintiff contends that the Florida judgment was based upon a common law breach of contract claim and therefore the Florida judgment can not bar Plaintiff's current claims for fraudulent transfer.

Pursuant to Rule 15, a court's decision whether to grant leave for amendment "shall be freely given when justice so requires."  Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th

Cir. 1995) (citing <u>Woolsey v. Marion Labs. Inc.</u>, 934 F.2d 1452, 1462 (10th Cir. 1991)); *See also,* Fed. R. Civ. P. 15(a). Relevant factors that a court may consider in determining whether or not to allow amendment include: timeliness, prejudice to the other party, bad faith and futility of the amendment. <u>Home v. Squire</u>, 81 F.3d 969, 973 (10th Cir. 1996).

Given these liberal standards for amendment, along with the over-arching interests of judicial economy, the court finds that the proposed affirmative defenses address important issues surrounding the effect on the current litigation of prior court rulings involving the same or related parties. Accordingly, the Court finds amendment appropriate and grants Defendants' motion to amend thereby accepting Defendants' Second Amended Answer with Affirmative Defenses filed on January 11, 2012 as the operative Answer. (Document Number 23).

**2) Plaintiff's Motion For Leave To File Amended Complaint**

Through its motion, Plaintiff seeks to add Innerlight as a party defendant[1] and to add a new claim for action on the Florida judgment under Utah law. (Document Number 27). Defendants oppose amendment claiming that Plaintiff should bring its claims in either the Utah state court action [2] or the Florida state court action where Innerlight is already a named party. (Document Number 42). Further, defendants contend that joinder is not appropriate since Plaintiff has previously obtained a judgment against Innerlight and therefore no commonality between the parties claims exists .

---

[1] Plaintiff seeks to add Innerlight as a defendant to its first through third claims for relief under the Uniform Fraudulent Transfer Act, and as a defendant to its new cause of action for action on the Florida state court judgment.

[2] Defendants assert that Plaintiff's counterclaim in the Utah State Court action is still open and pending. Plaintiff vehemently objects to the argument that the Utah state court case is still open and has requested Rule 11 sanctions against Defendants for their representations related thereto. (Document Number 130).

As stated above, the liberal amendment standards of Federal Rule of Civil Procedure 15, require the court to "freely give leave [to amend] when justice so requires." Utah R. Civ. P. 15 (a)(2). Additionally, pursuant to Federal Rule of Civil Procedure 21, the court may "on just terms" add a party to a litigation. Utah R. Civ. P. 21. Here, while it is possible that the claims against Innerlight could have been brought in one of the other state court actions, Defendants provide no convincing reason as to why, at this early stage, Innerlight cannot be joined as a defendant.

Accordingly, given the early stage of the proceedings and the fact no prejudice shall result therefrom, the court grants Plaintiff's motion to amend to add Innerlight as a party defendant and to add a new cause of action. Plaintiff is ordered to file their complaint incorporating the stated amendments within ten days of the date of this court's Order.

**3) Defendants' Motion To Strike Portions Of Proposed Amended Complaint**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants move to strike all portions of the Amended Complaint that make reference to Defendants' counsel, Thomas F. J. MacAniff. (Document Number 41). Defendants assert a blanket objection to all references, claiming that the statements are prejudicial and designed to obtain Mr. MacAniff's disqualification from the case. In response, Plaintiff argues that all references to Mr. MacAniff are relevant to either Defendants' claim that the Florida judgment was not fully and fairly litigated[3] or to Plaintiff's claims for alter ego.

---

[3]Plaintiff asserts that the allegations mentioning Mr. MacAniff at paragraphs 22, 23, 209, 213, 215, 216, 217, 228, 229, 230, 231, 232, 233, 234, 235, 237, 238, 239, 240, 241, 247 and 249 are relevant to defendants' alleged defenses that the Florida judgment was not fully and fairly litigated , and that the allegations at paragraphs 42, 141, 209, 213, 215, 216, 217, 228, 229, 230, 231, 232, 233, 234, 235, 237, 238, 239, 240, 241, 247 and 248 are relevant to Plaintiff's alter ego claims.

Federal Rule of Civil Procedure 8(a) states that a complaint should include a short and plain statement of the grounds for jurisdiction, *a short and plain statement of the claim showing that the pleader is entitled to relief,* and a demand for the relief sought.  Fed. R. Civ. P. 8(a) (emphasis added).  Local Rule DUCiv R. 3-5 further clarifies that a complaint, as the initial pleading that commences the action, should plainly state the basis for the claim or cause of action.  Additionally, Federal Rule of Civil Procedure 12(f) permits a court on its own, or on motion from another party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

While the court recognizes the complex nature of the case and the historical significance of the prior litigations, Plaintiff's Amended Complaint contains sixty four (64) pages of pleadings which include a significant amount of information that does not appear to be directly relevant, for purposes of an initial pleading, to Plaintiff's causes of action.  While there are numerous references to Mr. MacAniff, Defendants have only asserted a blanket objection without providing guidance on the immateriality of specific paragraphs or an explanation as to how the references fail to comport with Plaintiff's claims for alter ego and Defendant's full and fair litigation defense.

Accordingly, the court hereby grants defendants' motion in part and orders Plaintiff to strike and remove any statements or references to Mr. MacAniff that are redundant or immaterial to the currently pending causes of action.  Plaintiff shall incorporate the removal  of immaterial references in its Amended Complaint to be filed within ten (10) days from the date of this Order.

**4) Cross Motions For Protective Order**

The parties have filed cross motions for protective orders stemming from an impasse that was reached surrounding the definition of a "Qualified Recipient."  (Document Numbers 54 and

57). As to this singular provision, the parties disagree over the issue of whether a party receiving documents designated as "Attorneys' Eyes Only" can disclose the documents, at deposition, to an employee (or officer or director) of the producing party without having to establish that the employee was an author, recipient or otherwise involved in the creation of the document. (Document Number 58).

Plaintiff argues that absent a "carve out" provision, allowing for the disclosure of a confidential document to employees for the party producing the document, the "potential for mischief" is great since Plaintiff could be prevented from questioning a producing party's employees. As a result, Plaintiff directs the court to several other cases in which carve out provisions were appropriately incorporated in the parties' protective order.[4] Defendants, however, disagree and argue that a carve out provision makes the designation of documents as "Confidential" futile. Any such futility is of heightened concern to Defendants since they are a multi-level marketing organization with a legitimate business purpose for maintaining strict confidentiality of contacts, distributor lists and marketing and financial information not only with respect to external competitors but also internally among employees. (Document Number 66). Defendants believe that their proposed protective order adequately addresses Plaintiff's concerns by allowing for the disclosure of a confidential document if Plaintiff has a reasonable basis for believing the witness reviewed the document, and by giving the producing party advance notice

---

[4] *See generally,* BYU v. Pfizer (2:06-cv-00890) stating, "A document may additionally be disclosed to any person if the producing party consents to such disclosure. To the extent a witness did not author or received the document, and the document was not previously known to that witness, consent will be provided by the producing party if the witness is a current employee of the producing party"; Edizone v. Jansport (2:07-cv-00415) stating, "A document may additionally be disclosed to any person if the producing party consents to such disclosure. TO the extent a witness did not author or receive the document, and the document was not previously known to that witness, consent will be provided by the producing party if the witness is a current employee of the producing party."

of the document to be disclosed.

The propriety of carve out provisions are fully supported by their use in the other cases referenced by Plaintiff. None of the specifically referenced protective orders, however, appear in a litigation involving the nuances of a multilevel marketing organization. That said, the court finds that Plaintiff's proposed provision, as stated in their reply memorandum, appropriately addresses each sides concerns. (Document 74). It states:

> " Nothing herein shall prevent disclosure of PROTECTED INFORMATION to the officers, directors and managerial level employees of the party producing such PROTECTED INFORMATION or otherwise to any employee of such party who has access to such PROTECTED INFORMATION in the ordinary course of such employee's employment."

Finding this provision to balance Defendants' concerns regarding dissemination of confidential information to certain employees with Plaintiff's concerns surrounding the ability to question a producing party's employees, the court orders that the above stated provision be incorporated into the protective order that the parties' previously negotiated.

**4) Defendants' Motion For Stay Of Discovery Or For Protective Order**

Defendants move pursuant to Federal Rule of Civil Procedure 26(c) for an order staying discovery pending resolution of defendants' motion for summary judgment. Defendants claim that through their motion for summary judgment motion they will establish that Plaintiff's current causes of action are barred by principles of waiver, estoppel and due process. (Document Number 48). In the alternative, Defendants request an order denying Plaintiff's discovery requests as over broad and unduly burdensome. Plaintiff opposes the stay arguing that it was not required to bring its claims for fraudulent transfer, alter ego and successor liability in the Florida state court action. (Document Number 84).

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v, Flood, 176 F. R.D. 651, 652 (M.D. Fla. 1997) (internal citations omitted). However, motions to stay are not favored when the result is a delay in discovery which prohibits the litigation from moving forward. Consequently, "a request to stay discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." Id. at 652 (citing, Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987). When applying for a stay of the proceedings, "a party must demonstrate a 'clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." Ben Ezra, Weinstien, & Co. v. America Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000)(citing, Span-Eng Assocs. v. Weidner, 771 F.2d 464, 468 (10th Cir. 1992).

Not including the present case, there have been three prior lawsuits between Matrix and Innerlight revolving around the parties' October 2004 Exclusive Distribution Agreement: (1) Innerlight, Inc. v. The Matrix Group, LLC a Utah state court action; (2) Matrix v. Innerlight, Inc. a Florida federal court action; and (3) The Matrix v. Innerlight, Inc. a Florida state court action. The interplay between the cases is both factually and legally complex and gives rise to Defendants' seemingly compelling claims that the current litigation may be barred by principles of waiver, estoppel and due process. Thus, given the intricacies of the underlying legal issues, the fact that three other cases have been litigated involving the same parties or privies and the substantial hardship of the costs associated with potentially unnecessary discovery, the court finds a stay of the proceedings appropriate in order to address the dispositive legal issues.

Accordingly, based upon Defendants' motion and for good cause appearing, the court hereby orders that discovery is stayed pending resolution of Defendants' motion for summary

judgment.  Defendants' are hereby ordered to file such motion within ten days from the date of this Order.  The motion shall specifically address the relevance of the doctrines res judicata, estoppel and due process in relation to prior federal and state court cases involving the same parties or privies as the present case.  All remaining motions to compel and motion for protective order are hereby denied without prejudice but may be re-newed, if necessary, pending the court's resolution of the motion for summary judgment.  (Docket Numbers 90, 109, and 113, 126).

The Order of the Court is as follows:

1.  Defendants' Motion To Amend Answer is Granted.

2.  Plaintiff's Motion To Amend Complaint is Granted.

3.  Defendants' Motion To Strike is Granted in part.

4.  Defendants' Motion For Protective Order Denied.

5.  Plaintiff's Motion For Protective Order is Denied in part and Granted in part.

6.  Defendants' Motion For Stay Granted.  Defendants are further directed to submit their motion for summary judgment within ten days from the date of this Order.

Dated this 2nd day of November, 2012

_____
Dustin Pead
U.S. Federal Magistrate Judge