IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE MATRIX GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INNERLIGHT, INC., INNERLIGHT HOLDINGS, INC., and INNERLIGHT WORLDWIDE, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-987<br><br>Judge Robert J. Shelby |

Plaintiff The Matrix Group, LLC has filed suit against InnerLight, Inc., InnerLight Holdings, Inc., and InnerLight Worldwide, Inc. (collectively, InnerLight). This is the fourth in a series of lawsuits involving a contract between Matrix and InnerLight, Inc. InnerLight now moves for summary judgment, urging the court to find that a number of defenses, namely waiver, estoppel, statute of limitations, due process, and election of remedies, bar Matrix's claims. For the reasons stated below, the court finds InnerLight's defenses unpersuasive and denies the Motion for Summary Judgment.

## BACKGROUND

This is the fourth in a long series of lawsuits. In a 2010 Florida state court case between Matrix and InnerLight, Inc., the court granted default judgment against InnerLight, Inc. In this case, Matrix brings fraudulent-transfer claims in an attempt to collect payment on that judgment. InnerLight does not challenge in its summary judgment motion the merits of Matrix's claims, but instead argues that the claims are barred because Matrix failed to bring them in the 2010 Florida

lawsuit. It is thus unnecessary to detail here facts concerning Matrix's substantive alter ego, successor liability, and fraudulent-transfer claims.

## I. Prior Lawsuits

The underlying dispute between the parties involves an Exclusive Distribution Agreement (EDA) that the parties purportedly entered in October 2004. The EDA required InnerLight, Inc. to purchase a minimum number of beauty products from Matrix. InnerLight, Inc. would then sell the beauty products through multilevel marketing. The contractual relationship eventually deteriorated and the parties resorted to litigation. A series of lawsuits and settlement negotiations followed.

The first suit was filed by InnerLight, Inc. in March 2006 in Utah state court. Matrix then filed claims in July 2006 in the United States District Court for the Southern District of Florida. Neither the Utah state court nor Florida federal court actions resulted in a judgment on the merits. Matrix filed a third lawsuit in Florida state court in January 2010, once again alleging that InnerLight, Inc. violated the EDA. InnerLight, Inc. failed to attend a number of hearings and the Florida court entered a default judgment on liability. The same court granted Matrix's summary judgment motion on damages a few months later after InnerLight, Inc. again failed to attend a hearing on the motion. The court awarded Matrix over $15 million in damages and ordered InnerLight, Inc. to make postjudgment disclosures within forty-five days. InnerLight, Inc. has neither satisfied the judgment nor made disclosures.

## II. Current Lawsuit

InnerLight, Inc. transferred its assets to InnerLight Holdings and InnerLight Worldwide in 2008. This case is about that transfer of assets. Matrix alleges that it constituted a creditor of InnerLight, Inc. when the transfer occurred and that InnerLight, Inc. transferred the assets with

intent to defraud Matrix and to avoid an adverse judgment.[1]  Matrix also alleges that InnerLight Holdings and InnerLight Worldwide are alter egos and successors of InnerLight, Inc.

Matrix filed the current action in November 2013, seeking to secure payments on the 2010 Florida judgment.  Matrix asks this court to attach InnerLight's assets and enjoin InnerLight from making further transfers.  InnerLight has denied all liability and brings this motion, arguing that Matrix's claims are barred by waiver, estoppel, statute of limitations, due process, and election of remedies.

## II. Settlement Negotiations[2]

InnerLight claims that, during settlement negotiations, Matrix learned of the relationship among InnerLight, Inc., InnerLight Holdings, and InnerLight Worldwide and thus had an opportunity to join the parties during the 2010 Florida state court proceeding.  From July to November 2009, Kevin Brogan, the president of InnerLight, Inc., and Anthony Catinella, a managing member of Matrix, held sporadic settlement discussions regarding the EDA. InnerLight alleges that Mr. Brogan indicated to Mr. Catinella that Mr. Brogan was the president of all three InnerLight entities.  InnerLight also states that Mr. Brogan repeatedly referenced public documents that InnerLight had filed with the SEC and other financial information related to the company's potential public offering.  In sum, InnerLight claims that Matrix, through Mr. Catinella, knew about the relationship among the three InnerLight entities.

Matrix disputes these allegations concerning its knowledge of the InnerLight entities.  It claims that Mr. Brogan never told Mr. Catinella of his status as president of the three InnerLight

---

[1] Matrix argues that it was a creditor under the Uniform Fraudulent Transfer Act (UFTA), codified at Utah Code § 25-6-1 to -14.  The UFTA defines a creditor as a person who has "a right to payment, whether or not the right is reduced to judgment . . . ."  Utah Code Ann. § 25-6-2(3)-(4).  Matrix thus contends that it had a claim against InnerLight, Inc. for breach of the EDA even though the claim had not yet been reduced to judgment when the transfer of assets occurred in 2008.

[2] As discussed below, the facts surrounding the settlement negotiations are relevant to InnerLight's waiver defense.

entities and that Mr. Catinella did not have a clear understanding of InnerLight, Inc.'s relationship with InnerLight Holdings and InnerLight Worldwide. Matrix also claims Mr. Catinella did not review any documents related to InnerLight's public offering. Lastly, Matrix claims that it did not know about the transfer of assets at the time of the 2010 lawsuit.

## ANALYSIS

### I. Standard of Review

The court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Fed. R. Civ. P. 56(a). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."[4]

### II. Choice of Law

InnerLight urges the court to apply the forum selection clause in the EDA. But the forum selection clause does not apply because the contract is not in dispute. Matrix filed this lawsuit as a fraudulent-transfer action. The Complaint asserts claims of alter ego, successor liability, and violation of Utah statutory law. Put simply, the subject matter of this dispute falls outside the scope of the EDA's forum selection clause. Utah law applies.[5]

### III. Waiver

InnerLight argues that the doctrine of waiver bars Matrix's claims. In particular, InnerLight asserts that because Matrix failed to join InnerLight Holdings and InnerLight Worldwide in the Florida state court action, it has waived its right to bring the current claims.

---

[3] Fed. R. Civ. P. 56(a).
[4] *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).
[5] *Therrien v. Target Corp.*, 617 F.3d 1242, 1249 (10th Cir. 2010) (stating that, in a case arising under diversity jurisdiction, the court "must evaluate the evidence in terms of substantive law of the forum state").

Under Utah law, waiver is "an intentional relinquishment of a known right."[6] To establish waiver, InnerLight must show that Matrix had "(1) an existing right, (2) knowledge of its existence, and (3) an intent to relinquish the right."[7] The court will discuss each element in turn.

First, it is undisputed that Matrix had the right to join InnerLight Holdings and InnerLight Worldwide during the 2010 Florida lawsuit. Matrix could have included InnerLight Holdings and InnerLight Worldwide in its initial complaint. The Florida Rules of Civil Procedure also allow plaintiffs to add additional defendants as a matter of course.[8]

Second, the court finds that there is a genuine dispute on the knowledge element. A genuine issue of material fact exists when a reasonable juror could rule in the nonmovant's favor on a fact that is dispositive to the outcome of the case.[9] The parties dispute the extent of Matrix's knowledge of the InnerLight entities and the transfer of assets from InnerLight, Inc. to InnerLight Holdings and InnerLight Worldwide. Mr. Catinella's Declaration contains evidence contradicting InnerLight's claims that Matrix was aware of any need to join InnerLight Holdings and InnerLight Worldwide in the Florida action. Mr. Catinella states in his Declaration that he was unaware of the precise relationship among InnerLight, Inc., InnerLight Holdings, and InnerLight Worldwide, as well as the transfer of assets. Given the contradictory facts the parties have presented, the court finds there is a genuine issue of material fact and that summary judgment is inappropriate.

Third, InnerLight has also failed to meet its burden on the intentional waiver element. Intentional waiver is a fact-specific inquiry in which the court considers the totality of circumstances. Importantly, "[m]ere silence is not a waiver unless there is some duty or

---

[6] *IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, 196 P.3d 588, 594.
[7] *Id.*
[8] Fla. R. Civ. P. 1.250.
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

obligation to speak."[10]  InnerLight contends that Matrix's failure to bring its claims against the current parties clearly indicates Matrix intentionally waived such claims.  Matrix responds that it lacked knowledge of the asset transfer and the relationship among the InnerLight entities.  Additionally, during the 2010 Florida lawsuit, Matrix was under no obligation to bring its current claims against each of the InnerLight entities.  The contract was between only Matrix and InnerLight, Inc. and joinder of the other entities was not necessary to resolve the dispute.[11]  Because Matrix had no obligation to bring these claims, InnerLight must bring evidence of something more than mere silence.  But InnerLight has failed to do so.  Accordingly, InnerLight has not carried its burden and summary judgment is inappropriate on its waiver theory.

## IV. Estoppel

InnerLight further argues that Matrix's claims are barred by the doctrine of estoppel.  Estoppel is an equitable defense containing three elements.  First, there must be "a statement, admission, act, or failure to act by one party inconsistent with a claim later asserted."[12]  Second, there must be "reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act, or failure to act."[13]  Third, there must be "injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act."[14]

Matrix's fraudulent-transfer claims are consistent with its contract claims in the Florida lawsuit.  In Florida, Matrix claimed that InnerLight, Inc. violated the EDA.  In this lawsuit, Matrix claims that InnerLight, Inc. fraudulently transferred assets to InnerLight Holdings and

---

[10] *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 940 (Utah 1993).
[11] *See, e.g., Sudhoff v. Fed. Nat. Mortgage Ass'n*, 942 So. 2d 425, 427 (Fla. Dist. Ct. App. 2006) ("Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder.")
[12] *CECO Corp. v. Concrete Specialists, Inc.*, 772 P.2d 967, 969-70 (Utah 1989).
[13] *Id.*
[14] *Id.*

InnerLight Worldwide in an attempt to defraud Matrix and avoid an adverse judgment. Attempting to collect on a prior judgment does not raise an inconsistency with previously adjudged claims. Because Matrix has not acted inconsistently, estoppel does not bar its claims.

## V. Florida Statute of Limitations

InnerLight urges the court to dismiss Matrix's claims under the Florida statute of limitations. But this is a fraudulent-transfer action in which Utah law applies. Matrix is not bringing breach of contract claims. Thus, the forum selection clause in the EDA (and consequently the Florida statute of limitations) does not apply.

## VI. Due Process

InnerLight contends that due process bars Matrix's claims. InnerLight relies on *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969), to argue that Matrix cannot use a judgment against a subsidiary (InnerLight, Inc.) as a basis for claims against a parent (InnerLight Holdings). As noted by the Southern District of New York, however, "[t]he crux of *Zenith* is that a judgment cannot be enforced against an alleged alter ego who has not had a day in court to litigate whether or not there is such a relationship."[15] Here, InnerLight Holdings and InnerLight Worldwide have an opportunity to defend claims that they are InnerLight, Inc.'s alter ego or successor. If InnerLight Holdings and InnerLight Worldwide are InnerLight Inc.'s alter egos, the Florida default judgment is enforceable against all InnerLight entities because, in essence, they are the same. If not, the judgment only applies to InnerLight, Inc. In any case, InnerLight has an opportunity to litigate the issue in this action, which satisfies due process.

---

[15] *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 611 F. Supp. 281, 283 (S.D.N.Y. 1985) *aff'd in part*, *rev'd in part on other grounds*, 933 F.2d 131 (2d Cir. 1991).

## VII. Election of Remedies

Lastly, InnerLight contends that Matrix's claims are barred under the election-of-remedies doctrine. The doctrine "is a technical rule of procedure and its purpose is not to prevent recourse to any remedy, but to prevent double redress for a single wrong."[16] The doctrine applies when a litigant faced with the choice between two inconsistent remedies chooses one remedy and, by doing so, evinces a purpose to forego all other remedies.[17] Matrix did not face a choice between inconsistent remedies. The remedy in the Florida case was contract damages. The remedy here is attachment of InnerLight's assets and an injunction preventing InnerLight from making further asset transfers. Put simply, the sought-after remedy here is to secure the previously granted remedy in Florida. Claims that attempt to collect payment on a prior judgment are not inconsistent with the initial claims that gave rise to the prior judgment.

## CONCLUSION

For the foregoing reasons Defendants' Motion for Summary Judgment (Dkt. No. 157) is DENIED.

SO ORDERED this 13th day of November, 2014.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[16] *Royal Res., Inc. v. Gibralter Fin. Corp.*, 603 P.2d 793, 796 (Utah 1979).
[17] *Id.*