IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THE MATRIX GROUP, LLC**<br><br>            **Plaintiff,**<br><br>     v.<br><br>**INNERLIGHT HOLDINGS, INC.**, a Delaware corporation, and **INNERLIGHT WORLDWIDE, INC.**, a Delaware corporation,<br><br>            **Defendants.** | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:11-cv-00987<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

This case is before the above entitled Court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court.

On January 10, 2014, District Court Judge Robert Shelby issued an order requiring the parties to follow the Short Form Discovery Motion procedure for all discovery disputes (doc. 197). Consistent therewith, on November 24, 2014, Defendants Innerlight Holdings, Inc. and InnerLight Worldwide, Inc. (collectively, "Defendants") filed a short form discovery motion seeking issuance of a protective order precluding Plaintiff from taking the 30(b)(6) depositions of Kevin Brogan and Heber Maughan (doc. 203); *see* Fed. R. Civ. P. 30(b)(6). As grounds therefore, Defendants assert that in August 2012 Plaintiff previously engaged in lengthy fact depositions of Messrs. Brogan and Maughan, pursuant to rule 30(b)(1), at which time the same topics as now designated in Plaintiff's corporate deposition notices were discussed (docs. 203-2, 203-3); *see* Fed. R. Civ. P. 30(b)(1).[1] On December 22, 2014, Plaintiff filed its opposition to the

---

[1] Defendant asserts that in 2012 Plaintiff obtained 205 pages of testimony from Mr. Brogan and 136 pages of testimony from Mr. Maughan and that no time limitations were placed

motion arguing that Messrs. Brogan and Maughan's prior depositions do not insulate them from designation as corporate representatives for purposes of 30(b)(6) depositions (doc. 208).

Pursuant to Federal Rule of Civil Procedure 30(b)(6), a party may notice the deposition of a corporation and with "reasonable particularity" must specify the topics to be addressed at the deposition. *See* Fed. R. Civ. P. 30(b)(6). In response to the notice, the corporation must in good faith provide a knowledgeable person, or persons, to appear at the deposition prepared to "answer questions in a non-evasive manner about the designated subject matter." *Raytheon Aircraft Co. v. United States,* 2007 U.S. Dist. LEXIS 661456 *10-11 (citing *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006); *see also* Fed. R. Civ. P. 30(b)(6) (stating the named corporation must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on [the corporation's] behalf."). Unique to the 30(b)(6) deposition is the appearance of the corporation "vicariously through its designee." *See Brunet v. Quizno's Franchise Co. LLC,* 2008 U.S. Dist. LEXIS 105603, *7 (D. Colo. Dec. 23, 2008) (*citing United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996)).

Here, because Defendants agree to be bound by Messrs. Brogan and Maughan's prior testimony, they assert that a 30(b)(6) deposition is unnecessary since the rule "is not intended to authorize two depositions"of the same individual (doc. 203, p.2). While the court recognizes that the scope of Defendants' prior depositions were broad, "courts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a 30(b)(6)

---

on either of the depositions (doc. 203).

deposition." *In re Motor Fuel Temperature Sales Practice Litig.,* 2009 U.S. Dist. LEXIS 118705, *38-39 (Dist. Kan. Dec. 16, 2009). This conclusion stems from the unique nature of 30(b)(6) depositions where the corporate designee does not offer testimony as to his or her own personal opinion, but instead offers testimony that represents and binds the corporation. *Miller v. Union Pacific R.R. Co.,* 2008 U.S. Dist. LEXIS 87869, *7 (D. Kan. Oct. 24, 2008); *see also Int'l Bhd of Teamsters, Arline Div. v. Frontier,* 2013 U.S. Dist. LEXIS 22986 (D. Colo. Feb. 19, 2013) ("A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition.")). Additionally, it appears that "Rule 30(b)(6) itself contemplates both individual and corporation depositions, stating '[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.'" *In re Motor Fuel Temperature Sales* 2009 U.S. Dist. LEXIS 118705, *39; *see also,* Fed. R. Civ. P. 30(b)(6).

Defendants rely upon *Novartis Pharmaceuticals Corp. v. Abbott Laboratories,* in support of their claim that Plaintiff should be bound by Defendants prior testimony and a 30(b)(6) deposition of the Defendants would be cumulative. 203 F.R.D. 159; 2001 U.S. Dist LEXIS 17052, *6 (D. Del. 2001). This court is unaware, however, of any specific portions of the prior depositions that overlap with the matters designated for examination under the 30(b)(6) deposition notice. Moreover, the court must assume that the Defendants 30(b)(6) deposition testimony will be distinguishable from their prior testimony since it is offered on behalf of the corporation and not on behalf of the individual Defendants. As a result, absent evidence of specific cumulative or directly repetitive questioning, the court declines Defendants' invitation to prohibit the 30(b)(6) depositions.

Accordingly, for the reasons stated herein, Defendants' motion for protective order is

hereby (doc. 203) is denied.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2015

_____
Dustin Pead
U.S. Federal Magistrate Judge